

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Sumit Sud
*Assistant Corporation Counsel*
Tel.: (212) 788-1096
Fax: (212) 788-9776
ssud@law.nyc.gov



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-30-10

## MEMO ENDORSED

December 29, 2010

**BY FAX (212) 805-7949**
The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: Derrick Plowden v. City of New York, et al.,
         10 CV 07240(PKC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. Defendant City of New York writes pursuant to the Court's individual rules of practice to request that Your Honor schedule a pre-motion conference to discuss the parties' joint motion for a stay of the instant civil matter pending the resolution of the criminal proceedings against plaintiff. The basis for the anticipated motion is set forth in detail below. Plaintiff's counsel, Damien Brown, Esq.[1], joins in this request.

    By way of background, plaintiff filed the instant matter alleging that he was subjected to, *inter alia*, excessive force, on or about, September 22, 2007. The City of New York was served with the summons and complaint on or about December 6, 2010.[2] Based on a review of New York State Unified Court System webpage, it appears that the criminal charges against plaintiff are still pending.[3] In fact, according to the Criminal Docket Sheet, plaintiff is scheduled to

---

[1] Upon contacting Damien Brown, Esq. the undersigned was informed that plaintiff is in the process of changing legal representation and will shortly be represented by Gary Rawlins, Esq. I have spoken with Mr. Rawlins and he too consents to the instant request.

[2] Upon information and belief, none of the individual defendants have yet been served with process in this action.

[3] Attached as Exhibit A, is Criminal Docket sheet for New York State v. Derrick Plowden, Docket # 2007BX04338.

---

*Handwritten endorsement:*

Reluctantly and with the consent of both the parties I will stay this action until April 15, 2011. If plaintiff does not file a statement of readiness to proceed on or before April 15, then the action will be dismissed for failure to prosecute. The case is on the suspense docket.

SO ORDERED

[signature]
USDJ
12-29-10

appear in the criminal matter on January 3, 2010 for a trial. As such, defendant City respectfully requests a stay of plaintiff's civil matter pending the resolution of the state proceeding.

Resolution of the state court proceedings may affect defendant's response to the complaint. First, so as not to compromise the pending criminal court proceeding, we believe representational issues regarding the individually named police officers, if and when service of process is properly effected, should only be resolved after the criminal matter is final in the event that any of the individually named officers testify as to the facts of the incident that occurred on September 22, 2007 in a criminal trial. Furthermore, any statements these defendants make for the purpose of obtaining legal representation may create additional discovery obligations for the District Attorney's Office in the criminal matter pursuant to People v. Rosario, 9 N.Y.2d 286 (N.Y. 1961).

In addition, it is well-settled that the outcome of criminal proceedings is an appropriate reason to stay a parallel civil matter for reasons of judicial economy and the resolution of corresponding issues. The district court held in Estes-El v. Long Island Jewish Medical Center, 916 F. Supp 268 (S.D.N.Y. 1995):

> It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings. See, e.g., Deakins v. Monaghan, 484 U.S. 193, 202, 108 S. Ct. 523, 529-30, 98 L. Ed. 2d 529 (in § 1983 action, court rule approved requiring a district court to stay rather than dismiss federal civil action in favor of state criminal proceedings); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (stay of § 1983 action pending resolution of parallel state criminal proceedings; "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

See Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998) (for "a civil claim that neither depends on nor necessarily results in invalidation of, but could have an impact on, the [criminal] conviction . . . the proper course is for the district court to stay further proceedings on that claim pending termination of the state-court criminal proceedings, rather than to dismiss it."). See also Johnson v. New York City Police Department, 2003 U.S. Dist. LEXIS 12111 (S.D.N.Y. 2003).

The instant § 1983 civil rights action and pending state criminal court action appear to be based on the same underlying events. Thus, a stay is warranted because disposition of the criminal charges against plaintiff may be determinative of his claims. Additionally, there may be findings of fact that are pertinent to the civil case which are elicited during the underlying criminal case. For example, to the extent that plaintiff claims in his civil complaint that he was

subjected to false arrest and imprisonment; if he is convicted of the crimes for which he was arrested, this would negate plaintiff's § 1983 claims. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In addition, as one court in this Circuit has opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *4 (S.D.N.Y. July 16, 2003) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case. Johnson, 2003 U.S. Dist. LEXIS 12111, at *5. In the instant matter, plaintiff has already stated in his December 9, 2010 application for a stay and he intends on invoking his Fifth Amendment right.[4]

Accordingly, the parties respectfully request that the Court schedule a pre-motion conference to discuss the parties' anticipated motion for a stay of the instant matter pending the outcome of plaintiff's related criminal matter.

Thank you for your consideration herein.

Respectfully submitted,

Sumit Sud
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

cc:   Damien M. Brown, Esq. (By Fax (718) 228-7292)
      Gary Rawlins, Esq. (By Fax (212) 926-0059)
      *Attorneys for Plaintiff*

---

[4] Plaintiff's December 9, 2010 application for a stay appears to have been rejected as it was electronically filed with the court in violation of the local rules of this Court. It does not appear that plaintiff corrected the error and re-filled the application directly with the Court.

3

## New York State Unified Court System

### WebCrims

### Case Details - Summary

**CASE INFORMATION**

| | |
|---|---|
| Court | Bronx Supreme Court - Criminal Term |
| Case # | 04338-2007 |
| Defendant | Plowden, Derrick A |

**Defendant**

| | |
|---|---|
| Name: | Plowden, Derrick A |
| Birth Year: | 1988 |
| NYSID: | 623155M |

**Incident and Arrest**

Incident
- Date: September 22, 2007
- Summons/Ticket #:
- CJTN: 59503282P

Arrest
- Date & Time: September 22, 2007 03:15
- Arrest #: B07673615

Officer
- Agency: NYPD
- Command: 40

**Attorney Information**

Defense Attorney
- Name: Brown, D
- Type: Private (Retained)
- Court Date: October 11, 2007
- Court Part: A
- Phone: 718 - 596 - 0025

Assistant District Attorney
- Name: Lung, F
- Assigned: October 26, 2007

**Next Appearance**

- Date: January 3, 2011
- Court: Bronx Supreme Court - Criminal Term
- Judge: Alvarado, E
- Part: 80

**Docket Sentence**

No Sentence Information on File

# New York State Unified Court System

## WebCrims

### Case Details - Appearances

**CASE INFORMATION**

| | |
|---|---|
| Court | Bronx Supreme Court - Criminal Term |
| Case # | 04338-2007 |
| Defendant | Plowden, Derrick A |

| Date/Part | Judge | Calendar Section | Arraignment/Hearing Type | Court Reporter | Outcome/Release Status |
|---|---|---|---|---|---|
| 01/03/2011 80 | Alvarado, E | TRIALS AM | No Type | | |
| 11/19/2010 80 | Oliver, E | TRIALS AM | No Type | James, K | Adjourned Bail Continued |
| 11/12/2010 80 | Oliver, E | TRIALS AM | No Type | James, K | Adjourned Bail Continued |
| 10/22/2010 80 | Oliver, E | TRIALS AM | No Type | Beckford, | Adjourned Bail Continued |
| 09/30/2010 80 | Alvarado, E | TRIALS AM | No Type | James, V | Adjourned Bail Continued |
| 09/23/2010 80 | Alvarado, E | TRIALS AM | No Type | James, V | Adjourned Bail Continued |
| 08/26/2010 80 | Oliver, E | TRIALS AM | No Type | Robinson, | Adjourned Bail Continued |
| 07/13/2010 80 | Rotker, S | TRIALS AM | No Type | Mcpartland, S | Adjourned Bail Continued |
| 06/24/2010 80 | Alvarado, E | TRIALS AM | No Type | Mcpartland, S | Adjourned Bail Continued |
| 04/19/2010 80 | Oliver, E | TRIALS AM | No Type | Dunefsky, | Adjourned Bail Continued |
| 04/15/2010 80 | Alvarado, E | TRIALS AM | No Type | Dunefsky, | Adjourned Bail Continued |
| 03/15/2010 80 | Alvarado, E | TRIALS AM | No Type | Oliver, E Mcpartland, S | Adjourned Bail Continued |
| 03/08/2010 80 | Oliver, E | TRIALS AM | No Type | Marra, C | Adjourned Bail Continued |
| 02/25/2010 80 | Alvarado, E | TRIALS AM | No Type | Klein, | Adjourned Bail Continued |
| 01/14/2010 80(S&G) | Bernstein, L | TRIALS AM | No Type | Eason, S | Adjourned Bail Continued |
| 12/03/2009 80(S&G) | Rotker, Seymour | TRIALS AM | No Type | U, | Adjourned Bail Continued |
| 11/06/2009 80(S&G) | Bernstein, L | TRIALS AM | No Type | Klein, B | Adjourned Bail Continued |
| 10/16/2009 80(S&G) | Bernstein, L | TRIALS AM | No Type | Klein, B | Adjourned Bail Continued |
| 09/24/2009 80(S&G) | Bernstein, Lawrence | TRIALS AM | No Type | Schaefer, J | Adjourned Bail Continued |
| 07/31/2009 30 | Dawson, J | TRIALS AM | No Type | Eason, | Adjourned Bail Continued |
| 05/08/2009 30 | Newman, B | TRIALS AM | No Type | Lynch, | Adjourned Bail Continued |
| 03/12/2009 30 | Mogulescu, W | TRIALS AM | No Type | Klein, B | Adjourned Bail Continued |
| 01/23/2009 30 | Mogulescu, W | TRIALS AM | No Type | Klein, | Adjourned Bail Continued |
| 11/14/2008 30 | Mogulescu, W | TRIALS AM | No Type | Klein, | Adjourned Bail Continued |
| 09/18/2008 30 | Mogulescu, W | TRIALS AM | No Type | Klein, | Adjourned Bail Continued |
| 07/15/2008 30 | Mogulescu, W | TRIALS AM | No Type | Belmonte, | Adjourned Bail Continued |